IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD PICKENS,

    Plaintiff,

  v.                                                          No. CIV 15-0618 LH/KBM

STATE OF NEW MEXICO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The motion will be granted, and for reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint first alleges that Plaintiff has been denied his right to a speedy trial in the

state criminal proceeding. Plaintiff also alleges that he and a number of other inmates at the Bernalillo County Metropolitan Detention Center were transferred to a facility in Texas as part of the County's efforts to reduce overcrowding. Plaintiff contends that Defendant's actions violated a number of his federal and state constitutional rights, and he seeks damages and dismissal of the state criminal charges against him.

To the extent Plaintiff seeks dismissal of charges against him based on his speedy-trial claim, he must pursue this claim in a habeas corpus proceeding. These allegations amount to a claim that he is being "unlawfully subjected to physical restraint," *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973), *quoted in Berry v. Scafe*, No. 98-3194, 1999 WL 89152, at **3 (10th Cir. Feb 23, 1999), an essential element of a habeas corpus claim. *See Preiser*, 411 U.S. at 484; *see also id.* at 500 (noting that claims for speedier release must be brought through habeas corpus).

Likewise, Plaintiff may not pursue a damages claim for the alleged speedy-trial violation. *see, e.g., English v. Ghee*, 13 F. App'x 306, 307-08 (6th Cir. 2001) (applying the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) to claims against postjudgment revised parole guidelines), "because a ruling would affect the validity of the plaintiff's confinement." *Paige v. Okla. Dep't of Corr.*, No. CIV-06-1057-C, 2007 WL 1139822, at *4 n. 8 (W.D. Okla. Apr. 17, 2007); *and see Ippolito v. Justice Serv. Div.*, 562 F. App'x 690, 692 (10th Cir. 2014) ("[W]e have applied *Heck* to a civil claim involving pretrial detention") (citing *Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009)). A ruling in favor of Plaintiff's claim of denial of a speedy or fair trial "would necessarily imply the invalidity of his [confinement]." *Glaser v. City and County of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014), and the damages claim based on this allegation will be dismissed.

Plaintiff's allegations about his transfer do not support constitutional claims. First, "state

2

and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012). Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not state a claim of unconstitutional conditions during the trip. Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's complaint does not allege that any individuals disregarded a known excessive risk to his health and safety. These claims will be dismissed.

Last, Plaintiff's complaint asserts that the alleged actions violated his rights under New Mexico constitutional protections. In view of the dismissal of all federal claims against Defendant, the question arises whether the Court should exercise jurisdiction of this state law claim. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of this claim. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue this claim in a state forum. *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding case to district court with directions to dismiss state law claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855,

859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's speedy-trial and state law claims are DISMISSED without prejudice; otherwise the complaint is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE